IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JULIUS TIMOTHY DAWSON | § | |
| VS. | § | CIVIL ACTION NO. 1:24cv353 |
| G. PARKER | § | |

MEMORANDUM OPINION AND ORDER

Plaintiff Julius Timothy Dawson, an inmate confined at the Terrell Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against G. Parker.

Discussion

The Civil Rights Act, 42 U.S.C. § 1981, *et. seq.*, pursuant to which this case is brought, does not contain a specific provision governing venue. Accordingly, venue in civil rights cases is controlled by 28 U.S.C. § 1391. When, as in this case, subject-matter jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue over the lawsuit is proper only in the judicial district where the defendant resides or in which the claims arose. Tile 28 U.S.C. § 1406(a) provides that a case filed in the wrong division may be transferred to any district where it could have been brought.

Plaintiff's claim concern events that occurred at the Terrell Unit, which is in Brazoria County, Texas. Pursuant to 28 U.S.C. § 124, Brazoria County is located in the Galveston Division of the Southern District of Texas. Plaintiff's claim therefore arose in Brazoria County. In addition, the defendant appears to reside in Brazoria County.

As plaintiff's claim did not arise in the Eastern District of Texas and the defendant does not reside in the Eastern District, venue is not proper in this court. This case will therefore be transferred to the Galveston Division of the Southern District of Texas.

## ORDER

For the reasons set forth above, it is **ORDERED** that this civil rights action is **TRANSFERRED** to the Galveston Division of the United States District Court for the Southern District of Texas.

SIGNED this 6th day of November, 2025.

_____
Zack Hawthorn
United States Magistrate Judge